Baird vs. Brown.

## No. 673.

### JOSEPH P. BAIRD VS. L. M. BROWN ET AL.

The burden of proof is on the party who alleges a breach of duty, even though it involves a negative.

Plaintiff pleads that there was error in the subject-matter of the contract upon which the writ of seizure and sale issued against him, because the vendor sold the whole of the growing crops of the purchased plantation, when, in fact, the laborers on the place were entitled to the half thereof, and because the plaintiff has actually been evicted of the half of said crops. The plea is untenable.

The sale of the plantation was made in July; the growing crop formed part of the realty and was transferred with the land; the laborers, who were cultivating the land for a part of the crops, did not *own* the crops, but for their services they had a privileged lien on the crops, provided they had taken the precaution to have their claim recorded.

These laborers continued to work on the place without any new contract with the vendee, and after the crops were gathered the vendee settled with them according to their contract with the vendor. The pretext that he has been evicted of a part of the property purchased is absurd.

APPEAL from the Seventeenth Judicial District Court, parish of Red River. *J. F. Pierson,* Judge *ad hoc. Seales & Bullock,* for plaintiff and appellant. *J. A. Seay* and *L. B. Watkins,* for defendant and appellee.

LUDELING, C. J. On the fifteenth of July, 1870, L. M. Brown, wife of E. S. Turner, sold a tract of land to the plaintiff for nine thousand dollars, for part of which he executed his note for five thousand dollars, secured by mortgage and vendor's privilege. The sale was by authentic act, and embraced the growing crops. On the seventeenth of June, 1873, an order of seizure and sale was obtained to enforce the payment of the note above described, and the plaintiff enjoined the writ, which subsequently issued, on several grounds, only two of which, however, seem to be insisted upon in this court, to wit: "That there has been no notice of the order of seizure and sale or of the seizure served upon your petitioner by any competent officer," and that there is error in the subject matter of the contract or principal obligation upon which the said seizure and sale is based, in this, that the vendor sold the whole of the growing crops, whereas in fact the laborers on the place were entitled to the half thereof, and that petitioner has actually been evicted of the half of said crops, worth $1433.

The plaintiff contends that, as the reason for the injunction first above named involves a negative, the defendant should have shown that there was a notice of the order of seizure and sale served upon him. This is an error. One of the first principles of justice *is not to presume* that one has acted illegally, or has failed to do his duty. 9 M. 48; 13 La. 493; 2 An. 503; 13 An. 215; 3 An. 146. The burden of proof is on the party who alleges a breach of duty, even though it involves a negative. 3 N. S. 576; 1 Greenl., sections 78, 80; 6 An. 175.

The plaintiff has failed to prove his allegation of want of service of the notice of the order, if that was his ground for the injunction, as contended for in his brief; nor has he proved that the services of this notice and of other notices were not made "*by any competent officer*," which we think is the proper interpretation of the allegations of the petition.

The other ground for the injunction is equally untenable. The sale of the plantation was made in July; the growing crop formed part of the realty and was transferred with the land. The laborers who were cultivating the lands for a part of the crops did not own the crops, but for their services they had a privilege upon the crops, provided they had taken the precaution to have their claim recorded. These laborers continued to work on the place without any new contract with the vendee, and after the crops were gathered the vendee settled with them according to their contract with the vendor. The pretext that he has been evicted of a part of the property purchased by him is absurd.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.