No. 2184

Second Circuit Appeal

---

LEONCE LABORDE v. LOUISIANA RAILWAY AND NAVIGATION COMPANY

---

(June 6, 1925, Opinion and Decree)
(July 11, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana   Digest — Corporations—Par. 209.**

Under Section 9, Article 165 of the Code of Practice, "in all cases where any corporation shall commit trespass, or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed".

2. **Louisiana Digest—Pleading—Par. 57.**

Where plaintiff alleges the number of cross ties sold defendant and their value per tie, the allegation is direct and specific and an exception of vagueness direct against it will be overruled.

3. **Louisiana Digest—Pleading—Par. 62.**

Where the allegation of plaintiff's petition, if true clearly entitles him to judgment an exception no cause of action will be overruled.

4. **Louisiana Digest—Evidence—Par. 29.**

It is one of the first principles of justice not to presume that a person has acted illegally.

5. **Louisiana Digest—Evidence—Par. 31.**

Good faith is always presumed.

6. **Louisiana Digest—Evidence—Par. 54.**

Where one party charges another with culpable omission of breach of duty, the person who makes the charge is bound to prove it, even though it involves a negative.

Appeal from the Fourteenth Judicial District Court of Louisiana, Parish of Avoyelles, Hon. S. A. Bordelon, Judge.

Plaintiff sued for forty-five cents per tie for 344 ties alleged to have been taken by the defendant railroad company. Defendant after filing exceptions of want of jurisdiction and vagueness and of no cause of action, filed answer denying all the allegations of plaintiff's petition.

The case was tried on these issues and there was judgment for the plaintiff for the amount sued for.

Defendant appealed.

Judgment reduced and affirmed.

Porterie & Bordelon, of Marksville, attorneys for plaintiff, appellee.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant appellant.

## OPINION.

REYNOLDS, J. The exception of lack of jurisdiction was properly overruled; for plaintiff alleged that defendant refused to accept his cross-ties and later took same without authority and appropriated them to its own use, and that said illegal and wrongful act of defendant was a trespass.

Section 9 of Article 165 of the Code of Practice provides:

"In all cases where any corporation shall commit trespass, or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed."

Defendant's exception of vagueness is not well founded for the reason that plaintiff alleges that defendant took without authority 344 cross-ties belonging to plaintiff and that said ties were worth 45 cents per tie. This allegation is direct and specific and if plaintiff can establish it by legal evidence he is certainly entitled to recover.

The defendant's exception of no cause of action is not sound for the reason that if all the allegations of plaintiff's petition are true he is clearly entitled to judgment.

This brings us to merits of the case.

We have carefully read all the evidence and we have been unable to find any evidence to establish it as a fact that the defendant took any of plaintiff's cull cross-ties. It does show that plaintiff caught Joe Kirby and Will Garrett with some ties that the defendant company had not bought, on push cars. As to these ties, Joe Kirby testified, page 24, as follows:

"Q. Did you take any that were not branded?
"A. I had them on my push car and Mr. Laborde came and spoke to me and told me that they were not branded and so I unloaded them there and took the ones that were branded."

And Will Garrett testified, page 26:

"Q. Were some of the ties not branded?
"A. Yes, sir, he told us they weren't branded; we never thought of looking to see if they were branded. Some were branded and some weren't; they were mixed up. The ones that were not branded Joe threw them off."

From these facts plaintiff insists that the presumption and legal conclusion is that the defendant company took all of the cross-ties shown by plaintiff to have disappeared. We cannot subscribe to this presumption. The Supreme Court said in the Succession of Herber, 117 La. 239, 41 South. 559:

"It is one of the first principles of justice not to presume that a person has acted illegally."

Good faith is always presumed.
Pons vs. Yazoo and M. V. R. R. Co., 131 La. 313, 59 South. 721.

Where one party charges another with culpable omission of breach of duty, the person who makes the charge is bound to prove it, even though it involves a negative.
Baird vs. Brown, 28 La. Ann. 842.

Plaintiff claims to have had about 600 cull cross-ties on defendant railway's right-

of-way, and he testified that he sold about 246 to a company in Alexandria. There is no witness of plaintiff's who made a close examination of the right-of-way and pretends to testify to how many cull ties, if any, were still on the right-of-way at the time the suit was filed, and we are unable to tell from the evidence of the plaintiff the number of cross-ties that were actually missing from the right-of-way of the defendant company.

The witnesses for defendant, Whitlock, Faust and Gairy, found at Rexmere 319 cull ties, or ties not marked or branded, which, with the 246 cull ties sold by plaintiff, may account for 565 of plaintiff's 600 cull ties left on defendant's right-of-way. So we are unable to say with any degree of certainty how many of plaintiff's cull ties were taken as shown by the testimony of plaintiff.

Defendant admits that it used 15 or 20 ties that were on its right-of-way that belonged to plaintiff in repairing a wreck, and defendant's witnesses, Robert Guillory, Mr. Faust and Andrew Gairy, who walked the right-of-way from Bordelonville to one-half mile below Rexmere, found 15 ties that they thought might have come from plaintiff's cull ties; and we are of the opinion that, from defendant's admissions in its evidence, plaintiff is entitled to judgment for the value of 35 cross-ties at 45 cents per tie, or $15.75.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be set aside, and it is now ordered, adjudged and decreed that the plaintiff, Leonce Laborde, do have and recover judgment against the Louisiana Railway and Navigation Company for the sum of fifteen and 75-100 dollars with legal interest thereon from the date hereof.

It is further ordered, adjudged and decreed that plaintiff's demand as to the other 309 cross-ties herein sued for be dismissed as in case of non-suit.

The costs of the lower court to be paid by defendant; those of this court to be paid by plaintiff.