## McCUTCHEON et als. *v.* McCUTCHEON et als.

The will of a party contained a clause, by which more than the disposable portion of his property was to belong to his wife during her natural life, to use or dispose of as she thought best, either in her lifetime or at her death, for her benefit and the benefit of their children—*Held:* That the tenure of the widow under this clause, is not that of an usufructuary, and that such a disposition of property is at variance with the provisions of the Code respecting the legitime.

The tenure of the children, as heirs under such a clause, is not one recognized by our laws, and must be considered as not written. The will is, in that respect, null and void.

APPEAL from the District Court of the Parish of Caddo, *Jones, J.*

*Williamson & Heath,* for plaintiffs and appellants.   *B. L. Hodge* and *F. P. Austin,* for defendants.

VOORHIES, J.   *Mark McCutcheon,* deceased, left a will, by which he made a partition of his property between his children and surviving wife, widow in community.

He had been twice married, and left four children from each marriage.

Three of the children of the second marriage contend that the will is null and void, because provision is not made in their favor, as the law contemplates.

On the other side, it is contended that they are heirs, under the clause donating property to their mother, as follows :

"I give and bequeath unto my wife, *Palmelia E. McCutcheon,* six hundred acres of land, the place where I now reside, together with all the improvements, and a cotton-gin, horse-mill, threshing-machine, farming tools, household and kitchen furniture, two mules, four horses, all my cows and hogs, six oxen, two wagons, one buggy, and a negro man named *Willis,* one named *Perry,* one named *Adam,* one named *Lenis,* one named *Jackson,* a negro boy named *Franklin,* one named *Emmanuel,* a woman named *Lucy,* and her two children *Ellen* and *Mary Jane;* and I desire also *Wm. A. Haygood* to have a negro girl in his possession named *Sarah.* The above described property to belong to the said *Palmelia E. McCutcheon* during her natural life, to use or dispose of as she thinks best, either in her lifetime, or at her death, for her benefit and the benefit of her four children. *Elizabeth A. Haygood, Sandford R. McCutcheon, Harriet E. Rose,* and *Rosella J, S. McCutcheon.*"

The tenure of the widow, under this clause, is not that of an usufructuary. The property is bequeathed to her, with the limitation that it shall belong to her during her natural life ; but she has the right to use and dispose of the same as she thinks best, either in her lifetime, and even after her death. In so doing, she is to act as much for her own benefit as for that of her children.

On the other hand, these heirs have no control over the acts of their mother in this respect. Their right vests only after her decease ; for, in the meantime, she may dispose of the property as she thinks best. It is true that, in so doing, she must have in view as well the interest of her heirs, as her own ; but that is a matter entrusted to her, and not to them.

Such a disposition of property is at war with the provisions of the Code respecting the legitime ; and, as the tenure of these heirs is not one recognized by our laws, and must be considered as not written, it follows that they are not participants, under the will, in their father's succession. The will is, in that respect, null and void. C. C. 1722.

The question, whether the widow is entitled to the marital fourth, will come up more properly in the partition of the estate.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; and that the will of *Mark McCutcheon,* so far as it disposes of his property, be set aside and annulled, the defendants paying the costs of the District Court, and the appellees the costs of appeal.