(34 South. 469.)

No. 14,453.

DUFOUR et al. v. DERESHEID.

(May 11, 1903.)

WILL—CONSTRUCTION—FIDEI COMMISSUM—VALIDITY.

1. After declaring that he had brought in marriage $6,500.00, the testator, asserting he had neither ascendants nor descendants, instituted his wife his universal legatee and bequeathed to her in terms all of his property. Then he declared it to be his desire that at the death of his wife what remained of the estate shall be divided equally between his natural heirs and hers, first deducting from such remainder a sum equal to what he had brought in marriage, which sum shall be paid to *his* natural heirs—*Held*, not a disposition by which the legatee is charged to preserve for and return a thing to a third person or persons.

2. But if it be conceded that the clause referring to his natural heirs and hers be a *fidei commissum*, the only consequence would be the words importing the same must be reputed not written. It is only in cases of *substitution* that the entire disposition of a will is null; in cases of *fidei commissa*, pure and simple, that clause alone creating the *fidei commissum* is null, leaving unaffected the validity of the disposing clause or main donation.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Jeanne M. Dufour and others against Katharina Deresheid. From a judg-

ment for defendant, plaintiffs appeal. Affirmed.

John J. Darrieux and John Wagner (Benjamin Rice Forman, of counsel), for appellants. Charles F. Claiborne and Branch K. Miller, for appellee.

BLANCHARD, J. Jean M. M. Dufour, dying. left a last will and testament, couched in the French language, the *disposing* terms of which are:—

"Je declare avoir apporte en marriage le somme de six mille cinq piastres.

"J'institute comme légataire universelle ma femme, Katharina Deresheid, à laquelle je donne légue la totalite des biens que je laisserai au jour de mon décès.

"A la mort de la femme, je desire que, après déduction faite la susdite somme de six mille cinq cents piastres qui doivent être payees a mes héritiers naturels, la balance de ce qu'elle laissera au jour de son décès soit divise également entre mes héritiers naturels et les siens."

The following is believed to be an accurate translation of the above:—

"I declare I have brought in marriage the sum of six thousand, five hundred dollars.

"I institute as my universal legatee my wife, Katharina Deresheid, to whom I give and bequeath the totality of the property which I shall leave on the day of my decease.

"At the death of my wife, I desire that, after deduction made of the above sum of six thousand, five hundred dollars which shall be paid to my natural heirs, the balance of what she will leave on the day of her decease shall be divided equally between my natural heirs and her own."

This will is attacked by the two sisters of the deceased, who, with a half brother, are his sole legal heirs. The half brother does not join in the attack.

The ground of the attack is that the will contains a prohibited *fidei commissum*. The contention is it is such a will as is reprobated by article 1520 of the Civil Code, which declares that substitutions and *fidei commissa* are prohibited, and that every disposition by which the donee, the heir, or legatee is charged to preserve for *and* (Beaulieu v. Ternoir, 5 La. Ann. 480) to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee.

*Ruling*—The testator here begins his will with the declaration that he had brought into the marriage $6,500.00. This means that the $6,500.00 was the separate property of the husband at the date of his marriage, and having brought it into the marriage, the community of acquets and gains existing between the conjugal pair, following the marriage, became indebted to the separate estate of the husband in that sum.

The petition of the attacking heirs avers that at the death of the testator his estate consisted of movables of the value of $5,000.00 and four lots of ground in the City of New Orleans.

The will was duly probated, the widow recognized as universal legatee and, as such, sent into possession. No inventory of the property appears to have been taken and no estimative value of the estate is given, and none proven at the trial hereof, save an admission, for jurisdictional purposes, that it exceeds $2,000.00.

After declaring what he had brought in marriage, the testator asserting he had neither ascendants nor descendants, instituted his wife his universal legatee and bequeathed to her in terms all of his property.

Then he declared it to be his desire that at the death of his wife what remained of the estate he bequeathed to her should be divided equally between his natural heirs and hers, first deducting from such remainder a sum equal to what he had brought in marriage, viz:—$6,500.00, which sum' should be paid to *his* natural heirs.

It is clear that this is not a disposition by which the legatee is charged to preserve for and return a thing to a third person or persons.

The estate, under this will, is given outright, in full ownership, to the wife. She may do as she pleases with it. She may expend the funds on hand, sell the movables and immovables, reinvest their proceeds, or use the same as she otherwise may wish. No charge is imposed upon her *to preserve* any thing.

If,. however, at her death anything is left of the estate, the will expresses the wish that his natural heirs be given the sum of money he had brought into the marriage, and whatever else remained, after paying them such sum, that the same be given equally to his and her heirs.

It is not a bequest to his and her heirs. The legatee is not charged to preserve $6,500.-00 for his natural heirs which they are to take *under the terms of the will* at her death. Neither is she required to preserve any part of the estate for his and her natural heirs, the which they should take *under the will* at her death.

As they (his natural heirs) take nothing under the will, they could take the estate left at her death only what she, following the expressed wish of her husband, might in her will bequeath to them. And if she made no will naming them as legatees, *her* heirs would take the estate under the law of inheritance.

But if it be conceded that the clause:—

"At the death of my wife, I desire that, after deduction made of the above sum of six thousand, five hundred dollars which shall be paid to my natural heirs, the balance of the estate she will leave on the day of her decease shall be divided equally between my natural heirs and her own"—

is a *fidei commissum*, the only consequence would be the words importing the same must be reputed not written, as contrary to the laws of the State. Civ. Code, art. 1519.

It is only in cases of *substitution* that the entire disposition of a will is null. In cases of *fidei commissa*, pure and simple, that clause alone creating the *fidei commissum* is null as in violation of law, leaving unaffected the validity of the disposing clause or main donation. Beaulieu v. Ternoir, 5 La. Ann. 476; Michel v. Beale, 10 La. Ann. 352; Jacob v. Macon, 20 La. Ann. 162; Suc. of Beauregard, 49 La. Ann. 1176, 22 South. 348; Suc. of Hudson, 19 La. Ann. 79.

It is ordered that the judgment appealed from be affirmed.