(41 South. 559.)

No. 16,093.

Succession of HERBER.

(June 4, 1906. On Rehearing June 27, 1906.)

WILLS—ACTION TO ANNUL—PETITION.

The rule which imposes the burden of pleading upon him for whose interest the proof should be made suffers exception when the plaintiff's right rests on the showing that defendant has been guilty of wrongdoing. Hence, where a universal legacy is attacked on the ground that the legatee is a "minister of religious worship," who professionally attended the testatrix in her last illness, and that the will was made during that period, the petition discloses no cause of action, in the absence of allegation that there was no tie of consanguinity between the testatrix and the legatee.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

In the matter of the succession of Caroline Herber, widow of Joseph Herber. Abraham Creppel sued to annul the will. Judgment maintaining exception and no cause of action, and plaintiff having died, Julia Baumgartner and others appeal. Affirmed.

T. M. & J. D. Miller and Miller, Dufour, & Dufour, for appellants. Theodore Roehl and Dinkelspiel, Hart & Davey, for appellees, executors and legatees.

Statement.

MONROE, J. Abraham Creppel alleges that he is the uncle and nearest living relative of Mrs. Caroline Creppel, widow of Joseph Herber; that his niece died in Biloxi, Miss., where she had previously resided, leaving a will, executed during her last illness, containing, among others, the following dispositions, to wit:

"I direct that my property on St. Thomas street between Josephine and St. Andrew, in the city of New Orleans, Louisiana, be sold by my executor and the proceeds thereof deposited in the Germania Savings Bank of New Orleans, Louisiana, and the interest on said deposit be used, under the supervision of my executor, for the purpose of keeping in condition my tomb in First Washington Cemetery, in said city of New Orleans, Louisiana.

*     *     *     *     *     *     *     *

"I direct that the property situated on Exchange alley and Customhouse, or Iberville, street, in the city of New Orleans, state of Louisiana, be rented by my said executor during the lifetime of my friend Henry Lienhard, of Biloxi, Mississippi, and, out of the proceeds of said rent, after paying all expenses incident to said property, my executor shall pay to the said Henry Lienhard the sum of $75 per month, and, at the death of said Henry Lienhard, I desire that the said property be sold, and, out of the proceeds of said sale, my executor shall pay to the Charity Hospital of New Orleans the sum of $1,000 and shall use the further sum of $1,000 for the building of a memorial, in the Biloxi Cemetery, in Biloxi, Mississippi, in memory of my deceased brother, William Creppel, Jr.

*     *     *     *     *     *     *     *

"All the residue of my estate, both real and personal, after complying with all bequests herein, I bequeath unto Rev. J. S. Moore. I appoint the said J. S. Moore executor of my last will and testament, without bond."

Petitioner alleges that the special dispositions with respect to the real estate in New Orleans are void, as prohibited substitutions, fidei commissa, and trusts, and that the disposition in favor of the Reverend J. S. Moore is void, because he is a minister of the gospel who attended the decedent during her last illness and is therefore incapable of taking under her will, made at that time. And he prays for judgment, annulling the will and sending him into possession of the real estate referred to. The Reverend J. S. Moore and Henry Lienhard filed exceptions of no cause

of action, and the Charity Hospital answered to the merits. There was judgment maintaining the exceptions and rejecting plaintiff's demands, and, plaintiff having died, Miss Julia Baumgartner and others, claiming to be his heirs, prosecute this appeal.

### Opinion.

If the dispositions in favor of the universal legatee be valid, the plaintiff has no interest to attack, and discloses no cause of action in attacking the particular dispositions of the will, since, in that event, if they be annulled, the property intended to be disposed of by them would fall into the residuum. Succession of Burnside, 35 La. Ann. 708. It will therefore simplify matters to inquire whether, if all that the plaintiff has alleged be true, the court would be obliged to hold that the universal legacy is of no effect.

The Revised Civil Code (article 1489) provides that:

"Doctors of physic, or surgeons, who have professionally attended a person during the sickness of which he died, cannot receive any benefit from donations inter vivos or mortis causa made in their favor by the sick person during that sickness. To this, however, there are the following exceptions:
"(1) Remunerative donations made on a particular account, regard being had to the means of the disposer and to the services rendered.
"(2) Universal dispositions in cases of consanguinity.
"The same rules are observed with regard to ministers of religious worship."

It will be seen from this that, notwithstanding that the Reverend J. S. Moore may be a "minister of religious worship," and may, professionally, have attended the decedent in her last illness, and, notwithstanding that the will may have been made during that period, the donation mortis causa here attacked may be perfectly valid, since it falls

under the ban of the law only in the event that, between the testatrix and the universal legatee, there existed no tie of consanguinity, and, as the nonexistence of such tie is not alleged in the petition, it follows that, should the complainant prove all that he has alleged, the court could decree the nullity of the universal legacy only by presuming that the testatrix had violated the law. The presumption of the law is, however, in favor of good conduct, and, although it may involve the necessity of alleging and proving a negative, those who rely upon the unlawful acts of others as the basis of their recovery must allege and prove them. "It is," said this court, "one of the first principles of justice not to presume that a person has acted illegally." Hicks & Wife v. Martin, 9 Mart. (O. S.) 47, 13 Am. Dec. 304, Mr. Cross states the proposition as follows:

"And the first rule, which imposes the burden of pleading on him for whose interest the proof should be made, suffers exception when the plaintiff's right rests on the showing that defendant has been guilty of wrong doing, or where the acts of a public officer have been questioned." Cross on pleading, p. 116.

We conclude, therefore, that, as the petition alleges no cause of nullity in the universal legacy, and, as the plaintiff has no interest in particular legacies, which, if annulled, fall into the residuum, the plea of no cause of action was properly sustained.

The judgment appealed from is, accordingly, affirmed.

### On Application for Rehearing.

The court does not understand the judgment rendered (maintaining an exception of no cause of action, quoad the case presented by the pleadings) as precluding the bringing of a suit in which a legal cause of action shall be disclosed.

Rehearing refused.