SAMUEL, Judge.
The decedent died in New Orleans on April 2, 1964 leaving a statutory will which bequeathed certain rings to her husband, one piece of real estate to two other legatees and the use and contents of that real estate to her husband and her brother, and named her husband residuary legatee. The will contains only one other disposing provision, the bequest of money in a bank savings account, which reads as follows:
“Whatever money I have in a Savings Account in the Whitney National Bank is my separate money, which I inherited from my aunt, Mrs. Magdalena Auth Stevenson, or which I had before my second marriage. Of this money I leave $1,000.00 to my husband, Francis L. Walters, and the remainder I leave to the Whitney National Bank in New Orleans, as trustee for my brother, Charles F. Thomas, and I direct the bank to pay the interest and principal of this money to my brother as he may need it for his maintenance and medical expenses. If anything remains of the trust estate at the death of my brother, I leave the remainder equally to Mrs. Aline Lecompte Gassenberger, Mrs. Mary Leaber, Salva-dore Michel and Alice Herrin and F. L. Walters, my husband.”
In due course the will was probated and a final account was filed by the co-executors. Included in the succession property was the savings account in the Whitney National Bank showing a credit balance of $5,780.01. During this time and subsequent thereto, Alcide J. Weysham, as duly qualified natural tutor of his minor daughter, Sheryl Clare Weysham, filed various pleadings, including a petition to declare the will null and void, alleging Charles F. Thomas, the beneficiary named in the above quoted trust provision, had died, his succession had been opened, and Miss Weysham was the sole legatee under the last will of Charles F. Thomas, who was the sole heir of the decedent. He contended the provision designating the disposition of the remainder of the trust estate at the death of Charles F. Thomas was a prohibited substitution which rendered the entire will null and void.
Exceptions of no right or cause of action were filed to those pleadings. After a hearing, and based on its conclusion that the quoted provision did not contain a prohibited substitution, the trial court maintained the exception of no cause of action and dismissed Mr. Weysham’s demands. That judgment was reversed on appeal to this court (Succession of Walters, La.App., 202 So.2d 410) and the matter was remanded for further proceedings. Our holding was that the provision did contain a prohibited substitution which rendered the attacked disposition a nullity.
After remand, and after the dative testamentary executor of the Succession of Charles F. Thomas had made an appearance and filed various pleadings, two of the legatees filed a motion for summary judgment seeking rejection of the demand that the decedent’s will be declared invalid in its entirety. Following a hearing there was judgment granting the motion and dismissing all attempts to set aside the entire will. The dative testamentary executor of the Succession of Charles F. Thomas has prosecuted this appeal from that judgment.
The sole question before us is this: Does the prohibited substitution in one of several bequests render null only the bequest in which it appears or does it render the entire will null ?
Appellants contend the entire will is rendered null by the prohibited substitution. They base their contention on LSA-C.C. Art. 1520 and language contained in Succession of Johnson, 223 La. 1058, 67 So.2d 591; Succession of Simms, 250 La. 177, *326 195 So.2d 114, and Crichton v. Succession of Gredler, 256 La. 156, 235 So.2d 411. The contention is without merit.
It is true that Johnson does state “* * * in cases of prohibited substitutions the whole will is stricken with nullity * * *” and similar language is found in Simms and Crichton. However, those statements are only unfortunate dicta. In Johnson the court concluded there was no prohibited substitution and that the will contained only a fidei commissum. In Simms it appears there was no contention that the entire will was invalid. The suit was brought to annul only certain trust provisions contained in the will, and the court held only that Article XIX of the will was invalid because it contained prohibited substitutions. In Crichton the two trusts which the court found contained prohibited substitutions constituted all of the disposing provisions of the will and the nullity of those provisions had the effect of causing the entire will to be null.[1]
The effect of a prohibited substitution is controlled by Civil Code Articles 1519 and 1520, which read as follows:
“In all dispositions inter vivos and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written.” LSA-C.C. Art. 1519.
“Substitutions are and remain prohibited, except as permitted by the laws relating to trusts.
Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee.” LSA-C.C. Art. 1520. (Emphasis ours).
As we understand Article 1520, “disposition” is synonymous with legacy or bequest and, in conformity with Article 1519, every disposition, legacy or bequest which contains a prohibited substitution, i.e., which is contrary to the law, is null to the extent that it is simply reputed not written. Noting that Article 1519 has remained unchanged in our Civil Code, and the use of the words “Every disposition” in Article 1520 also has remained unchanged although that article was amended in 1962, our settled jurisprudence is that the prohibited substitution renders null only the “disposition” (legacy or bequest) in which it is contained; it does not affect the will as a whole. Succession of Smart, 214 La. 63, 36 So.2d 639; Succession of Hunter, 159 La. 492, 494, 105 So. 596; Succession of Ledbetter, 147 La. 771, 85 So. 908; Succession of Pleasants, 130 La. 267, 57 So. 923; Succession of Herber, 117 La. 239, 41 So. 559.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Because of our concern regarding that portion of the will quoted in Crichton, which excepts from the trusts the residence in Bedford and the bank account in New York and which might indicate a subsequent disposition of those exceptions, we have examiniecl the will which appears in the Supreme Court records. That examination clearly reveals the will makes no disposition of those exceptions; the only property disposed of by the will was contained in the two trusts.