259 So.2d 12 (1972)
261 La. 59
Succession of Mrs. Lillian THOMAS, widow by First Marriage of Pat McGILL, and wife by Second Marriage of Francis L. WALTERS.
No. 51242.
Supreme Court of Louisiana.
February 21, 1972.
Addendum March 1, 1972.
Rehearing Denied March 27, 1972.
Alcide J. Weysham, Robert F. Fleming, Jr., New Orleans, for applicants.
Montgomery, Barnett, Brown & Read, Stanley McDermott, Jr., New Orleans, for respondents.
*13 McCALEB, Chief Justice.
This litigation is a sequel to the decision rendered by the Court of Appeal, Fourth Circuit, in Succession of Walters, 202 So. 2d 410 (cert. den. 251 La. 395, 204 So.2d 575). It involves solely the question of the effect of a prohibited substitution on the remainder of the provisions of a will.
Mrs. Lillian Thomas, widow by first marriage of Pat McGill and wife by a second marriage of Francis L. Walters, died on April 2, 1964 leaving a statutory will. In it she made a number of particular bequests, declared her husband to be her residuary legatee, and named him and Mr. and Mrs. J. C. Grassberger co-executors. One of the particular bequests was a gift of money in a bank savings account. It was left to the Whitney National Bank, in New Orleans, as trustee for Charles F. Thomas (the testatrix's brother) for his maintenance and medical expenses, the amount remaining at his death to go to certain named persons.
When the will was probated Alcide J. Weysham, as the tutor of his minor daughter, Sheryl Clare Weysham, filed various pleadings including a petition to have the will declared null and void on the ground that the bequest to Thomas constituted a prohibited substitution, or alternatively, that the portion designating the disposition of the funds remaining in the trust estate at Thomas' death be deemed null and void. In the petition it is alleged that Thomas was the sole heir at law of the testatrix; that he has since died; and that Cheryl Clare Weysham is the sole legatee of Thomas under his will.
The trial court maintained an exception of no cause of action, holding that the bequest set up a valid trust and was not a prohibited substitution. On appeal the Court of Appeal reversed. It ruled that the bequest was a prohibited substitution in violation of Civil Code Article 1520, and it declared "the disposition" to be a nullity, remanding the case for "further proceedings in accordance with law and this opinion." Succession of Walters, supra. As heretofore indicated, we denied certiorari.
After the remand and after the executor of the Succession of Thomas filed various pleadings, in which he urged that the presence of the clause containing the prohibited substitution rendered the entire will null, two of the legatees under Mrs. Walters' will filed a motion for summary judgment seeking rejection of the demand that the decedent's will be declared invalid in its entirety. The trial court granted the motion and dismissed the petitions of Weysham and the administrator of the Succession of Charles F. Thomas insofar as those petitions attempted to set aside the entire last will and testament of Mrs. Walters.
The judgment was affirmed on appeal, La.App., 243 So.2d 324. We granted certiorari 258 La. 249, 245 So.2d 717.
In this Court the opponents of the will urge that the Court of Appeal erred in failing to annul and set aside Mrs. Walters' testament in its entirety.
In a long line of jurisprudence this Court has consistently held that the presence in a will of a bequest containing a prohibited substitution results only in the total nullity of that bequest but does not affect the remaining valid dispositions of the will. Succession of Herber, 117 La. 239, 41 So. 559 (1906); Succession of Pleasants, 130 La. 267, 57 So. 923 (1912); Succession of Ledbetter, 147 La. 771, 85 So. 908 (1920); and Succession of Smart, 214 La. 63, 36 So.2d 639 (1948). To the same effect is Succession of Rougon, 223 La. 103, 65 So.2d 104 (1953).[1]
*14 Similarly, in cases involving other null provisions of a will (other than prohibited substitutions), the Court has held that "the invalidity of a portion of a will does not invalidate the will in its entirety. Fink v. Fink's Executor, 12 La.Ann. 301; McCutcheon v. McCutcheon, 15 La.Ann. 511; Dufor v. Deresheid, 110 La. 344, 34 So. 469; Succession of Reilly, 136 La. 347, 67 So. 27; Succession of Percival, 137 La. 203, 68 So. 409; and Succession of Feitel, 187 La. 596, 175 So. 72." Succession of Lissa, 195 La. 438, 196 So. 924 (1940). See also Succession of Villa, 132 La. 714, 61 So. 765 (1913); Succession of Feitel, 176 La. 543, 146 So. 145 (1933); and Succession of Earhart, 220 La. 817, 57 So.2d 695 (1952).
The basis for most of these decisions is Revised Civil Code Article 1519 which provides that:
"In all dispositions inter vivos and mortis causa impossible conditions, those which are contrary to the laws or to morals, are reputed not written."
Under this article, the opinions say, when a will is legally possible in one part and impossible or illegal in the other, the possible must stand good as the volition of testator, legally expressed.
Moreover, there is no language of the Code to suggest that a disposition in a will containing a prohibited substitution renders the entire will ineffective. To the contrary, Article 1520 states merely that "Every disposition by which the donee * * * is charged to preserve for or to return a thing to a third person is null * * *."[2] (Emphasis added.)
But despite this mass of jurisprudence contrary to their contention, the opponents of the will insist that it has all been superseded by certain observations in three subsequent cases: Succession of Johnson, 223 La. 1058, 67 So.2d 591 (1953); Succession of Simms, 250 La. 177, 195 So.2d 114 (1967); and Crichton v. Succession of Gredler, 256 La. 156, 235 So.2d 411 (1970).
The language relied on, which was quoted in the two later cases, originated in Succession of Johnson, supra. Therein, the Court in pointing out the difference between substitutions and fidei commissa observed, among other things, that, "* * * in cases of prohibited substitutions the whole will is stricken with nullity whereas in cases of fidei commissa, it is only those dispositions which are tainted with that designation that are invalid." (Emphasis added.)
Clearly this pronouncement misstates the law as to the effect of both substitutions and fidei commissa, and was an inadvertent statement by the Court. This is evidenced by the Court's quotation of language from Succession of Reilly, 136 La. 347, 67 So. 27, which is plainly contrary to the Court's above quoted observation. The portion of the opinion in the Reilly case quoted in the Johnson case is to the effect that with regard to prohibited substitutions the "disposition is null", but that in a fidei commissum "only the charge or direction, as to the ultimate disposition of the donation or legacy, is null and is to be considered *15 not written, leaving the donation or bequest valid as to the donee or legatee."[3] (Emphasis added.)
Thus, it is seen that the Reilly decision does not support the dictum of the Johnson case. Indeed, an even more definitive indication that the observation in the Johnson opinion was inadvertent is the fact that the Court, after concluding that the bequest therein was burdened with a fidei commissum, did not annul the disposition. It simply deleted the fidei commissum from the will and then properly stated that under Article 1519 of the Civil Code it is reputed as not written, leaving the donation valid as to the principal legatee.
In reviewing the Johnson case we think it is possible that the language used by the Court was prompted by the fact that there was but one dispositive clausea universal legacyin the will, and it contained the fidei commissum, so that if the Court had found the clause to be a prohibited substitution, then the entire will would have failed.
Unfortunately, the incorrect statement of the Court in Johnson was copied into the opinion in Succession of Simms, supra. However, it was obiter dicta, for there the validity of only one clause of a lengthy will was in contest. The bequest in that clause was held to be burdened with a prohibited substitution. There was no claim anent the effect of its nullity on the remainder of the will.[4] It should also be observed that, although the objectionable language of Johnson was quoted in the opinion, the language of the opinion itself correctly states the law. Thus, the Court immediately before quoting Johnson said that when a bequest contains a prohibited substitution "the law, as a penalty, strikes down the entire disposition * * *."
In Crichton v. Succession of Gredler, supra, the Court did, on finding that a bequest (in which the testatrix attempted to set up trusts for her nephews) was burdened with a prohibited substitution, declare the will null in its entirety. However, reference to the record in that case reveals that, as in Johnson, the bequest in question constituted the entire dispositive portion of the will. The other provisions only revoked all prior wills, directed the payment of the testatrix' debts, and appointed an executor. Clearly, we did not intend to hold that the revocation clause was made ineffective by the nullity of the bequest, for this would have been contrary to the provisions of Revised Civil Code Article 1694[5] and our holding in Succession of Ryan (on rehearing), 228 La. 447, 82 So.2d 759. Besides, reference to the briefs filed in this Court show that the effect of the nullity of the prohibited substitution provision on the revocation of prior wills and on the appointment of an executor was not at issue in the case. In any event, because there was no issue as to the effect of the bequest on other portions of the will, and because the illegal bequest was the only one, the annulling of that bequest, for all practical purposes, effected a *16 nullity of the entire will so far as the parties-litigant were concerned.
It is pertinent to point out here that the opinions in both Simms and Crichton also quoted from the Succession of Ryan, supra, stating that it set forth the correct law on the subject. In Simms it is said that the Reilly opinion "gives a short, but full and complete, crystallization of the jurisprudence of this state on prohibited substitutions and fidei commissa as reprobated in these constitutional and codal provisions * * *."
In view of the fact that the issue of the effect of the illegal bequest on the remainder of the will was not in contest, it is inconceivable that the Court in any of the three cited cases would have attempted to overrule, by inference, the long line of jurisprudence (relative to the effect of illegal bequests, in general, and illegal substitutions in particular) without any mention of that jurisprudence, in a matter so clearly distinguishable. We are convinced that the statements relied on by relators were used inadvertently by the Court; they are obiter dicta and conflict with the well-established law of the earlier cases.
We adhere, therefore, to the conclusion reached in those prior cases, where the issue was presented, to the effect that the nullity of a bequest, as containing a prohibited substitution, does not affect the enforceability of the other valid provisions of the will, which are regular as to form.
For the reasons assigned, the judgment of the Court of Appeal is affirmed, all costs of these proceedings to be borne by relators.
SUMMERS, J., concurs in the result only.

ADDENDUM
The author of this opinion acknowledges, as pointed out in the concurring opinion filed herein, that he inadvertently quoted from Article 1520 of the Revised Civil Code of 1870 without mentioning the amendment thereto enacted by Act 45 of 1962 to conform with the constitutional change effected in Article IV, Section 16, of the Constitution adopted in that year. However, in his opinion, the 1962 amendment to Article 1520 is of no consequence insofar as this case is concerned, as the sole question involved here is whether a testamentary disposition containing a prohibited substitution nullifies the entire will or renders only such disposition void. Article 1520, as amended, simply stating that, "Every disposition not in trust by which the donee * * * is charged to preserve for and to return a thing to a third person is null * * *", has made no change whatever which affects the result reached by the Court in this case.
BARHAM, Justice (concurring).
We had simply to determine in this case whether the entire will was invalid because one bequest had been declared a prohibited substitution in a judgment approved by this court in earlier litigation and now the law of the case. Succession of Walters, La. App., 202 So.2d 410 (4th Cir. 1967), writs refused 251 La. 395, 204 So.2d 575.
The majority has held that only the bequest found to contain a substitution is invalid, and that the remainder of the will is to be given full effect. The result is correct. However, I am compelled to point out certain errors in the opinion.
First, the majority cites Planiol and erroneously determines that the result reached by the French authorities under the corresponding article of the French Code, Article 896, is supportive of and in line with our prior jurisprudential interpretation of our Article 1520. Planiol fully discloses the essential difference not only in the French article but also in the divergent and vacillating French jurisprudence which emerged from it. 3 Pt. 2 Planiol, Traite Elementaire de Droit Civil (La.St. Law Inst. tr. 1959) §§ 3264-98. This distinction is drawn more clearly in 3 Aubry *17 and Rau, Droit Civil Francais (tr. by Lazarus 1969) § 694, with Louisiana's difference noted at footnote 1. Even John Tucker, Jr., in his argument that the courts should have resorted to French doctrine and jurisprudence for guidance in interpreting our Article 1520 so as to uphold trusts before the Trust Code was adopted, acknowledged that our article was derived in part from and because of Spanish law (the trebellianic portion), citing Las Siete Partidas, Bk. 6, Tit. V, Law XIV. Tucker, Substitutions, Fideicommissa and Trusts in Louisiana Law, 24 La.L.Rev. 439.
Moreover, the quotation from Planiol in the majority's footnote 2 as to the disposition to be made when "a universal bequest is burdened with a substitution" is totally inapplicable to the bequest we consider and have heretofore called a substitution. In France the bequest in this case would not be a substitution but a permissible fidei commissum de residuo since it lacks one of the three elements of the French substitution, a charge to preserve.[1]
Second, that portion of Article 1520 quoted by the majority was taken from that article prior to its amendment in 1962. The majority's discussion of the issue is also based upon the form of the article before amendment. As the prior court proceedings in this case recognized, all determinations on the testament in this instance are to be made under the 1962 amendment to Article 1520 since the testatrix died on April 2, 1964.
Article 1520 formerly prohibited "substitutions and fidei commissa", but in order to make way for the enactment of the Trust Code certain changes were made in this article as well as in Article IV, Section 16, of the Constitution. The prohibition against fidei commissa was deleted, and the paragraph abolishing as part of our law the trebellianic portion was omitted. The paragraph from which the majority quoted in part now reads in full:
"Every disposition not in trust by which the donee, the heir, or legatee is charged to preserve for and to return a thing to a third person is null, even with regard to the donee, the instituted heir or the legatee." (Emphasis supplied.)
That portion of the article quoted by the majority omits the phrase "not in trust" and uses the disjunctive "or" instead of the conjunctive "and".
In an attempt to recognize a distinction in substitutions and fidei commissa, too much has already been written by too many on Article 1520 for clarity to exist. That problem should not be further compounded through obiter dictum about the nullity of bequests containing fidei commissa when they are no longer prohibited. Yet there is extensive discussion throughout the majority opinion about the difference of the effect upon testaments containing prohibited substitutions and fidei commissa in the attempt to dispose of erroneous obiter dicta in other decisions.
One final point should be made. While I realize that the conclusion that the disposition in question is a prohibited substitution is the law of this case,[2] a reexamination of our present Code Article 1520 is called for in light of the adoption of the Trust Code. Since much of the basis of *18 the jurisprudence defining and applying the law of former Article 1520 was focused on prohibiting the common law trust, now adopted to some extent in our Trust Code, reassessment is warranted. More important, we should reexamine the article in light of the express legislative changes which appear to demand at least some modification of what now constitutes a substitution. The change of the disjunctive "or" to the conjunctive "and" certainly redefines substitutions. The omission of fidei commissa from the prohibition clause gives rise to a possible new definition of fidei commissa.
French jurisprudence and doctrine could well apply under our new Code article since it is now almost identical with the French Code Article 896. Substitutions in France must contain the elements set forth in footnote 1. Fiduciary bequests lacking one of these elements are permitted in France. We in Louisiana need not hold that all fiduciary arrangements except those permitted by the Trust Code and those which are merely precatory suggestions are substitutions.
Our definition of fidei commissum stems largely from Succession of Reilly, 136 La. 347, 67 So. 27, which actually decided only that a bequest with a precatory suggestion was a fidei commissum; it did not decide that only a bequest with a precatory suggestion could constitute a fidei commissum, and that all other fiduciary arrangements were substitutions. Cf. In Re Courtin, 144 La. 971, 81 So. 457. Yet that is the proposition for which Reilly has been repeatedly cited. It is from this interpretation that the jurisprudence evolved that all other fiduciary arrangements are substitutions.
Now that fidei commissa are no longer prohibited and the double charge to preserve and transfer are expressed as definitive of a substitution, we could very well resolve that all bequests not containing these elements are valid, and more particularly that a fidei commissum in residuo is valid.[3]
However, a reexamination of Civil Code Article 1520 must now await the proper case and the precise issue. I do not believe that the majority here intended this decision to open the way to such a reevaluation. Indeed, it could not since it failed to recognize the change in the law by the 1962 amendment.
For these reasons I respectfully concur.
NOTES
[1] Although the opinion in Rougon did not specifically state the rule, the Court affirmed a decree which had held null (as a prohibited substitution) a certain bequest in a will, but declared the other dispositions to be valid.
[2] Although the above result was reached by this Court's independent interpretation of the codal articles involved, without resort to the French authorities, it is noteworthy that the same result is recognized under the corresponding Article of the Code Napoleon (Article 896). Thus Planiol points out that:

"If a universal bequest is burdened with a substitution, its annulment benefits the statutory heirs, for the universal legatee is eliminated by Art. 896. * * *
"If the bequest burdened with a substitution were only a particular bequest, which the universal legatee himself was under duty to execute, he would certainly benefit by its nullity, to the exclusion of the statutory heirs. The nullity would affect the two successive particular legatees, and the property would return to the universal legatee by virtue of his universal title to the succession. Planiol, Trait? Elementaire de Droit CivilLouisiana Law Institute Translation.
[3] In its conclusion in the Reilly case the Court found the condition of the bequest to be a fidei commissuma mere precatory suggestion addressed to the conscience of the legatee which is to be considered as not written, and not to affect the validity of the disposition which was complete without the condition. This holding in Reilly has been cited on numerous occasions by this Court as the correct statement of the law.
[4] The suit was brought to nullify the will's probate only insofar as the trust provisions were concerned. Besides, the testatrix was a resident of Texas and her succession was opened there. Her estate was made up of property both in Louisiana and Texas. The proceeding here was merely ancillary, and this Court would have been without authority to annul the entire will.
[5] The Article provides: "A revocation made in a posterior testament has its entire effect, even though this new act remains without execution, either through the incapacity of the person instituted, or of the legatee, or through his refusal to accept it, provided it is regular as to form."
[1] In France a substitution contains the following elements: A double gratuity with a period of time fixing the first and second gratuities successively, and not one as a substitute for the other; a charge on the first fiduciary both to preserve and to transfer; and finally the accrual of the right to the second beneficiary upon the death of the first.
[2] The Court of Appeal in Succession of Walters, 202 So.2d 410 (4th Cir. 1967), applied only Succession of Guillory, 232 La. 213, 94 So.2d 38 (1957); In re Succession of Meadors, La.App., 135 So.2d 679 (2nd Cir. 1961), writs refused; and Succession of Simms, 250 La. 177, 195 So.2d 114 (1967), to the 1962 amendment to Article 1520 and R.S. 9:1903, a part of the Trust Estates Law. In so doing it reached the correct result. The Trust Code of 1964, if applicable, could have called for a different resultat least a different approach.
[3] Unfortunately, I did not recognize this serious issue when it was raised in Crichton v. Succession of Gredler, 256 La. 156, 235 So.2d 411 (1970), although a strong argument was made by Professor Le Van on this point in his brief under Assignment of Error No. 4. However, the bequest in that case may have carried the double charge of a substitution since the trustee who was interposed, although he could use the corpus as well as the fruits for the first beneficiary, was obligated to transfer the remainder to the second beneficiary. The trustee's obligation to act as a prudent administrator for both beneficiaries may impose a legal as well as a moral charge to preserve for the second beneficiary, thus supplying the double charge and negating the fidei commissum de residuo.