609 So.2d 1035 (1992)
SUCCESSION OF Lalia Lavon Beaird MEEKS.
No. 24,279-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
Writ Denied February 5, 1993.
*1036 J. Ransdell Keene, Shreveport, for defendant-appellant, Carl James Beaird.
Nelson & Hammons by Sydney B. Nelson, Shreveport, for plaintiff-appellee, Commercial Nat. Bank.
Peters, Ward, Bright & Hennessy by Frank Bright, Shreveport, for intervenor-appellee, First United Methodist Church.
Before MARVIN, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
Lalia Lavon Beaird Meeks died on July 21, 1990. Although once married and divorced, she had no children or ascendants. On December 10, 1981, she executed a statutory testament which named the Commercial National Bank of Shreveport (CNB) as executor and provided the following bequests:
II.
I confirm that my faithful employee, RUTH WILLIAMS HARRIS, has been designated as beneficiary of my HR 10 retirement plan and is to receive these funds at my death.
III.
I leave to my nephew, CARL JAMES BEAIRD, ... the sum of TWENTY-FIVE THOUSAND AND NO 100 ($25,000.00) together with the contents of my home and any other personal belongings of his choice which I shall own at *1037 the time of my death. Anything which he elects not to claim for his own use shall be left to the FIRST UNITED METHODIST CHURCH of Shreveport, Louisiana. (emphasis added)
IV.
I leave to FIRST UNITED METHODIST CHURCH of Shreveport, Louisiana, any property which remains after all special bequests have been made. (emphasis added)
After the testatrix died, the executor filed a petition to probate the testament. The estate of the testatrix included the contents of her apartment, cash, checking accounts, certificates of deposit, a 1982 automobile, and business assets consisting of the contents of Lavon's Dress Shop, a checking account, cash, and payments on accounts receivable. In listing its contents, the executor divided the estate into the personal assets of decedent and the business assets of Lavon's Dress Shop. The estate was valued at approximately $193,356.50; however, savings certificates totaling $185,000 and listed under the category of decedent's personal assets, represented the bulk of the estate.
Beaird demanded the entire estate asserting the language "and any other personal belongings of his choice" made him a universal legatee. First Methodist intervened claiming to be the sole universal legatee and that Beaird was only a particular legatee to $25,000, the contents of the testatrix's apartment and sterling silver flatware located in a lockbox. The executor filed a tableau of distribution which specifically disallowed Beaird's claims beyond the cash, silver and apartment contents. Beaird opposed the proposed tableau of distribution. Thereafter, the executor filed a petition for a declaratory judgment. The parties stipulated that the controversy was to be decided by interpreting the testament on its face without extraneous evidence. Beaird now appeals from the judgment of the trial court holding that First Methodist was the universal legatee and that Beaird was a particular legatee limited to the special cash bequest of $25,000, contents of the apartment and silver. We amend and as amended, affirm.

DISCUSSION
On appeal, Beaird claims that under Paragraph III of the will he was made both a particular legatee of $25,000 together with the contents of the decedent's home and a universal legatee of "any other personal belongings of his choice." Beaird alleges that the phrase "personal belongings" includes all certificates of deposit, stock, bonds and other negotiable instruments. Under his interpretation, because the testatrix died possessing solely movable property, Paragraph IV of the testament gave the church only that property he chose not to accept.
Alternatively, Beaird urges an interpretation whereby the church would be entitled only to the testatrix's business assets. Pursuant to this argument the church would receive only business assets and what personal property Beaird chose not to accept. In support of his argument, Beaird points to the classification of assets into personal and business categories by the executor.
The question presented to this court is whether the language of the testament "and any other personal belongings" constitutes a bequest of decedent's entire estate to Beaird. When interpreting testaments, we must attempt to ascertain and carry out the intention of the testatrix. LSA-C.C. Art. 1712. Rules of interpretation are only means to achieve the end of determining the testatrix's intent. Courts must seek to give meaning to all testamentary language in a will and avoid any interpretation that would act to render the language meaningless or reduce it to surplusage. LSA-C.C. Art. 1713. If the language of the will is unambiguous on its face, such language will be considered the intention of the testatrix. If any ambiguity exists as to the testatrix's intent with regard to a particular clause or bequest, other clauses or bequests must also be considered to reach, if possible, an interpretation which harmonizes the whole. Succession of Killingsworth, 292 So.2d 536 (La.1973); and Succession *1038 of Griffin, 366 So.2d 1029 (La.App. 1st Cir.1978). The first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. The testatrix is not supposed to be propounding riddles but rather to be conveying her ideas to the best of her ability so as to be correctly understood at first view. Carter v. Succession of Carter, 332 So.2d 439 (La.1976).
When the testament at issue is read with these principles as guides to its interpretation, we do not find that the disputed provision is ambiguous. The testatrix specifically stated that she bequeathed to her nephew the sum of $25,000 together with the contents of her home "and any other personal belongings of his choice" which she owned at the time of her death. The term "personal belongings," when given its usual and ordinary meaning, would not include business property and various financial holdings. When used in a testament the term enjoys no settled or fixed technical meaning but would include those things which had some intimate relation to the person of the testatrix such as household items, jewelry, home furnishings, clothing and other items which are truly personal in nature. To hold that financial and business assets would fall within the category of "personal belongings" would give that term a strained meaning, ignoring its restrictive nature and proper signification. Additionally, to conclude that the same sentence in the will which left Beaird $25,000 in cash also left him the remainder of the testatrix's financial assets, including cash, would be illogical.
Even if this court were to hold that the term "personal belongings" was ambiguous, the outcome would be the same. The intent of the testatrix to limit the legacy to be received by Beaird is apparent upon a consideration of the other bequests contained in the testament and a reading of the instrument in its entirety. Examining the testament as a whole so as to harmonize the entire document, we hold the trial court did not err in finding that First Methodist was a residuary or universal legatee entitled to the residue of the estate after satisfaction of the particular legacies to Ms. Harris and Beaird. If the testatrix had intended to name Beaird as a universal legatee in Paragraph III with the right to claim all of the assets of the estate for himself, the legacy to the church contained in Paragraph IV effectively would be meaningless and thus, contrary to LSA-C.C. Art. 1713. The only way to give effect to all provisions of the testament and the intent of the testatrix is to give the term "personal belongings" its most obvious meaning which would exclude financial holdings and business assets.
Our interpretation, however, of "personal belongings," under the circumstances of this case, would include the automobile. The term is a broad classification and would, in the absence of any restrictions, include the automobile used in decedent's daily life.

DECREE
For these reasons, the judgment of the trial court in favor of Commercial National Bank and First United Methodist Church of Shreveport is amended to order a change in the tableau of distribution to reflect that the bequest to Carl James Beaird include the 1982 Buick Electra automobile and as amended, affirmed. Costs are to be divided equally between the estate and appellant, Carl James Beaird.