Ji_PICKETT, Judge.
The plaintiff, Yvonne Walther Dupuy, appeals a judgment from the trial court dismissing all of her claims and recognizing the defendant, Hugh L. Walther, as the universal legatee of David John Walther. For the reasons set out below, we affirm.
FACTS
The plaintiff, Yvonne Walther Dupuy, and the defendant, Hugh L. Walther, are the brother and sister of the decedent, David John Walther. The decedent passed away on February 14, 1995. Prior to his death, the decedent executed an olographic will in proper form on June 19, 1976. The will reads as follows:
To Whom It May Concern:
In the event anything ever happens to me to cause my death, I desire that all my personal belongings be given to my brother, Hugh L. Walther, Jennings, Louisiana. These belongings are to be disposed of as he desires.
Lin disposal of my belongings I desire that he give consideration, as he sees fit, to my former wife, Julia Walther, Edmond, Okla.
/s/ David J. Walther
1:00 P M
6-19-76
Following the decedent’s death, the will was discovered and was probated in the Succession of David John Walther, Probate Docket Number 14,408, 15th Judicial District Court, Acadia Parish, Louisiana. Thereafter, Hugh L. Walther received a judgment of possession recognizing him as the sole legatee of the decedent on May 19, 1995. In the judgment, Mr. Walther was placed into possession of the decedent’s interest in all of his property, immovable and movable.
On July 10, 1995, Yvonne Walther Dupuy filed a petition to set aside the judgment of possession and for declaratory judgment. Following a hearing on the. matter, the trial court issued written reasons for ruling on June 23, 1997, in which it was found that there was insufficient evidence to annul the judgment of possession. A judgment dismissing all of Mrs. Dupuy’s claims and declaring Mr. Walther to be the universal legatee of the decedent was signed on July 28, 1997. From this judgment, Mrs. Dupuy now appeals.
OPINION
In her appeal, Mrs. Dupuy asserts one assignment of error, namely: The lower court ruled incorrectly that the olographic will of David John Walther disposed of his entire estate, including, cash, bank accounts, stocks, bonds and immovable property. Mrs. Dupuy contends that the decedent only intended to dispose of his personal belongings, or household goods, and did not intend to dispose of his entire property. Mrs. Dupuy specifically argues that the term “personal belongings” used in the decedent’s will does not include the stocks, cash and real estate owned by thejjdecedent.
The issue of what the term “personal belongings” comprises when used in a testament has been addressed by our brethren on the Second Circuit Court of Appeal in Succession of Meeks, 609 So.2d 1035 (La.App. 2 Cir.1992), writ denied, 612 So.2d 86 (La.1993). In discussing the applicability of the term “personal belongings,” the Second Circuit stated:
The question presented to this court is whether the language of the testament ‘and any other personal belongings’ constitutes a bequest of decedent’s entire estate to Beaird. When interpreting testaments, we must attempt to ascertain and carry out the intention of the testatrix. LSA-C.C. Art. 1712. Rules of interpretation are only means to achieve the end of determining the testatrix’s intent. Courts must seek to give meaning to all testamentary language in a will and avoid any interpretation that would act to render the language meaningless or reduce it to sur-plusage. LSA-C.C. Art. 1713. If the language of the will is unambiguous on its face, such language will be considered the intention of the testatrix. If any ambiguity exists as to the testatrix’s intent with regard to a particular clause or bequest, other clauses or bequests must also be considered to reach, if possible, an interpretation which harmonizes the whole. *997 Succession of Killingsworth, 292 So.2d 536 (La.1973); and Succession of Griffin, 366 So.2d 1029 (La.App. 1st Cir.1978). The first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. The testatrix is not supposed to be propounding riddles but rather to be conveying her ideas to the best of her ability so as to be correctly understood at first view. Carter v. Succession of Carter, 332 So.2d 439 (La.1976).
When the testament at issue is read with these principles as guides to its interpretation, we do not find that the disputed provision is ambiguous. The testatrix specifically stated that she bequeathed to her nephew the sum of $25,000 together with the contents of her home ‘and any other personal belongings of his choice’ which she owned at the time of her death. The term ‘personal belongings,’ when given its usual and ordinary meaning, would not include business property and various financial holdings. When used in a testament the term enjoys no settled or fixed technical meaning but would include those things which had some intimate relation to the person of the testatrix such as household items, jewelry, home furnishings, clothing and other items which are truly personal in nature. To hold that financial and business assets would fall within the category of ‘personal belongings’ would give that term a strained meaning, ignoring its restrictive nature and proper signification. Additionally, to conclude that the same sentence in the will which left Beaird $25,000 in cash also left him the remainder of the testatrix’s financial assets, including cash, would be illogical.
14Meeks, 609 So.2d at 1037-38.
However, we find the facts of the case sub judice distinguishable from the facts presented in Meeks. In Meeks, the decedent named more than one person as a legatee in the testament.[1] There was no intent to name her nephew, Carl James Beaird, as a universal legatee. As such, the court had to interpret the meaning of the term “personal belongings” to determine which legatee received possession of which asset. In the instant case, the decedent named only one legatee, his brother, in the testament. Although the decedent’s request that his brother give some consideration to his former wife when disposing of his belongings, this request is precatory suggestion and not binding by law. Succession of Walters, 261 La. 59, 259 So.2d 12 (La.1972).
Another distinguishing factor between the cases is the level of legal advice available when testaments were prepared. In Meeks, the decedent executed a statutory will prepared for her. In the present case, the decedent obviously prepared the testament without the aid of anyone. “[Wjhen a will has been written in laymen’s terms and without the aid of counsel, the courts must exempt the language from technical interpretation and seek the clear intent of the testator in a purpose consistent with upholding the testament. Succession of Payne, 524 So.2d 803, 804 (La.App. 3 Cir.1988).
As such, we find that the unambiguous language of the decedent’s olographic will clearly intends to name Hugh L. Walther as the universal legatee of his estate. Accordingly, we affirm the judgment of the trial court.
DISPOSITION
|5For the foregoing reasons, the judgment of the trial court dismissing the claims of the plaintiff-appellant and recognizing the defendant-appellee as the universal legatee of the decedent is hereby affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.

. The decedent, Lalia Lavon Beaird Meeks, made bequests to her employee (Ruth Williams Harris), her nephew (Carl James Beaird) and her church (First United Methodist Church of Shreveport, Louisiana),