CULPEPPER, Judge.
This case is concerned with an act of sale dated February 20, 1967 whereby Frank “Cazan” Fontenot, defendant sold to Preston N. Aucoin, plaintiff, a lot with a building thereon known as the “Cazan Hotel”. The issues arise from that portion of the deed which reads as follows:
“Vendor reserves to himself for a period of ten years, the use of the three small offices in the rear of said building, which comprise the ‘Frank C. Fontenot Public Relations Office’ and agrees to completely maintain these offices at his own expenses.” (Emphasis supplied)
Within a few months after the sale, plaintiff remodeled the building for use as his law offices. He renovated as a “Coffee Shop” one of the three small offices of which defendant had reserved the use. In 1973, six years after the sale, defendant demanded return of exclusive possession of the “Coffee Shop.” Plaintiff then filed this suit to enjoin defendant from interfering with his use of the room.
Defendant answered alleging a “usu-fruct” of the three offices at the rear of the two-story building. He further alleged that plaintiff took possession of the “Coffee Shop” despite defendant’s remonstrances. Defendant prayed for rejection of plaintiff’s demands and recognition of defendant’s usufruct of the three offices.
Plaintiff then filed a “Plea of Estop-pel” on the grounds that defendant told plaintiff he could use the coffee shop; that defendant observed plaintiff’s renovation of the coffee shop without objection; that plaintiff has used the area for a period of six years without defendant objecting.
Plaintiff also amended his petition to allege that the reservation in the deed is null and void and without legal effect because the reservation is ambiguous, the offices reserved are not described with sufficient particularity, and defendant, assuming that the reservation is valid, did not comply with his agreement to maintain this portion of the building.
Plaintiff further amended his petition to allege that defendant has abandoned his right of use, if any, by failing to make ordinary repairs and pay taxes and utility expenses; that defendant’s right to such use, if any, is personal and has been forfeited by defendant’s attempt to transfer such use to others; and that defendant’s reservation did not encompass the area known as the “Coffee Shop”.
In his written reasons, the district judge found defendant was “estopped” to interfere with plaintiff’s “possession and use” of the coffee shop. But the judge refused to terminate defendant’s use of the other rooms.
The judgment appealed issued a permanent injunction prohibiting defendant, Frank “Cazan” Fontenot, from interfering with plaintiff, Preston N. Aucoin’s “possession and use” of the room known as the “Coffee Shop” located in plaintiff’s office building at 153 S. Court Street, Ville Platte, Louisiana. Defendant appealed. Plaintiff answered the appeal, asking that the judgment be amended to deny defendant the use of any of the rooms in plaintiff’s building and, as amended, that the judgment be affirmed.
The essential evidence is as follows:
A diagram of the ground floor shows the room described as the “Coffee Shop” as room D.
Plaintiff testified that the door between room D and his law library was in existence at the time he purchased the building. He said that defendant had never occupied room D, the coffee shop. Plaintiff stated that he renovated the coffee shop about two-and-a-half months after renovation of his law offices, the room having been used as a store room prior to that time. He had never envisioned room D, the coffee shop, as included in the right of use reserved by defendant. Rather, he intended for defendant to use rooms A, C *756 and B, the latter a bathroom. Plaintiff admitted that the act of sale was drawn up by one of his employees. Plaintiff testified that he spent approximately $2,000 in renovating the coffee shop and that he had paid all of the expenses, including repairs, in connection with rooms A, C and B, with the possible exception of the electricity. He stated that defendant had visited the coffee shop. Plaintiff testified that the present condition of the rooms in question was a source of concern to him; there is dry rot because the rooms need painting.
Mr. Ray Verrette testified that he is a building contractor and undertook the renovation of plaintiff’s law offices. He testified that room D was used for storage of materials during the renovation and that there was a door opening between room D and plaintiff’s law offices. According to Verrette, room D, the coffee shop, was remodeled at least a year following the remodeling of the other offices and during this later renovation steps were installed from the rear of the building or room C into the coffee shop at the request of defendant although the charges were billed to plaintiff. Mr. Verrette testified that defendant had visited nearly every day during the renovation of the coffee shop.
. Mr. Cleveland Pitre testified that he was employed as a carpenter in connection with both renovations. He saw defendant frequently at that time. He stated that there was an old door between the coffee shop and plaintiff’s offices.
Mr. John Clyde Fontenot, an attorney in Ville Platte, testified that defendant offered him the use of the area in the rear of plaintiff’s offices but did not charge him rent for that use. This witness stated that defendant told him room D was included in his agreement with plaintiff. However, during this witness’s use of the area in 1972, he did not occupy room D.
Defendant, Frank “Cazan” Fontenot, testified that he was retired, a farmer, an ex-politician and a promoter and that he would soon be 84 years of age. He stated that he had been sheriff of Evangeline parish for four years and clerk of court for 20 years. He operated a public relations business in the rear of plaintiff’s building, but his last use of these offices was in 1973. He “would go there and fool around and planning, meet up and bring some of my friends.” (Tr. 179). His understanding of the agreement was that he had the use of the room referred to as the coffee room; he did not feel that the bathroom was included as one of the “three small offices” reserved. Defendant also testified that there was no door between the coffee shop and plaintiff’s law offices at the time of the sale but only a pass-through for food. As to his proposed use of the room, defendant testified:
“. . . . there is a whole lot of business to attend, I like to go out there and sit down, read my paper and bring a book.” (Tr. 177)
He admitted that he had not paid taxes and little, if any, repair costs. He stated that he had paid the electric bill until John Clyde Fontenot’s occupancy but no other utility bills. He admitted that he had often taken coffee in the coffee room.
Mr. Ulysse J. Fontenot testified that when defendant was running for office he occupied the rooms designated as A, D and C; that these rooms were separate from the rest of the building and were not connected by a door. In other words, this witness testified that the coffee shop was one of the three offices used by defendant at that time.
John O. Guillory also testified that defendant Fontenot used the room designated as D, or the coffee shop, as part of his campaign headquarters and that there was no door between these offices and the rest of the building at that time.
The first issue is whether the deed reserves to defendant the use of room D, as well as rooms A, C and B. We find that the-plain and ordinary meaning of the words “Three small offices” would not in- *757 elude a bathroom. Obviously, the parties intended for defendant to have the use of the room known as the “Coffee Shop” or room D.
The next issue is whether defendant reserved the right of “use” or the right of “usufruct”. “Use And Habitation” are treated in LSA-C.C. Articles 626-645. As pertinent here, use is defined in Article 626 as a right given to a person to use a thing belonging to another as is necessary for his personal wants.
Article 638 states: “There is this difference between a person who has the use and the usufructuary, that the person who has the use can neither transfer, let, nor give his right to another.” As applied to buildings, the right of use is a nontransferable real right of enjoyment, created in favor of a natural person. See 3, La.Civil Law Treatise, Personal Servitudes, Section 116 et seq (By A. N. Yiannopoulos) for a general discussion of these concepts.
In the present case, we conclude the defendant reserved the right of “use” rather than “usufruct”. The instrument itself states that the right reserved is “use”. Furthermore, the circumstances surrounding the transaction indicate that it was in fact intended that only defendant personally would have the right to use the three small offices in the rear of the building.
The next question is one which is most crucial to a resolution of this litigation, i. e., whether the right of use reserved by defendant was exclusive, in the sense that he could exclude the owner from using these rooms. Our Civil Code does not expressly state whether the right of use of a portion of a building is exclusive. Article 631 states that the rights of use are regulated by the title which has established them. Article 632 states: “If the title be silent with respect to the extent of the right, the rights to use and habitation shall be determined by the following rules.” Then follow various rules of construction where the title is silent.
In this case, the title does not expressly state whether defendant’s right of use is exclusive or is joint with use by the owner. Nevertheless, the intent of the parties can be determined.
LSA-C.C. Article 1956 provides:
“When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation.”
As to room “D”, referred to as the “Coffee Shop”, the evidence shows that within a few months after the sale in 1967, plaintiff commenced renovation of Room “D” for use as a coffee shop. He spent approximately $2,000 for furniture and fixtures, chairs, tables, a refrigerator, an electric stove, electric coffee maker, painting and decorating, drapes, etc. Although defendant was frequently present during the work of renovation, and thereafter used the coffee shop over a period of six years, he expressed no disapproval whatsoever of plaintiff’s renovation and use of the room until about January of 1973. Nevertheless, defendant now takes the position that he has the exclusive usufruct of the coffee shop and he wants to prevent plaintiff from using it.
In this situation, LSA-C.C. Article 1956 is applicable to the question of whether defendant’s use of room “(D)” was intended to be exclusive or joint with the owner. Both parties executed the contract as if joint use of the room by them was intended. Or, at least, defendant gave his express or implied assent to use of the room by plaintiff.
This case is similar to Barrett v. Barrett, 5 So.2d 381 (La.App., 2d Cir. 1941), writ of certiorari denied. In that case plaintiff sold to defendant a parcel of land and reserved “the right of use and habitation of the above described property with improvements as long as she shall live.” After the sale, the old house on the property was destroyed and a new one was erected. De *758 fendant and his family moved into the home and reserved a third bedroom for plaintiff. Plaintiff contended the agreement was that a separate house would be erected for her use, rather than a room in the new house. The title was silent on this issue. The court held that since plaintiff did not complain about the construction of one house instead of two, notwithstanding that on numerous occasions she witnessed the progress of the work, the intention of the parties was that plaintiff have the use of only one bedroom.
In his answer to the appeal, plaintiff prays that the judgment be amended so as to hold that defendant’s use of all three rooms has terminated. The argument is that under LSA-C.C. Article 621, defendant’s right of use is extinguished by his failure to use the offices, and by his failure to keep them in repair. We find on the facts that this argument has no merit. Actually, defendant has used rooms “A” and “C” on several occasions through the years. Furthermore, the evidence is not sufficient to show that defendant has lost his right of use by allowing room “A” and “C” to fall into a state of disrepair.
As stated above, the judgment appealed granted a permanent injunction prohibiting the defendant from interfering with plaintiff’s “possession and use” of the room known as the “Coffee Shop”. This could be construed to mean that defendant is enjoined from any use of the coffee shop. In view of the conclusion which we have reached above, that defendant has the right to joint use with plaintiff, the judgment must be amended so as to allow defendant personal right of access to and use of the coffee shop for the remainder of the 10-year term. As to rooms “A” and “C”, we find the trial court correctly refused to enjoin defendant from his right of use of these two offices as provided for in his title.
For reasons assigned, the judgment appealed is amended to provide that plaintiff, as owner, has the right to joint use of the room known as the “Coffee Shop”, subject to defendant’s joint right of use for the remainder of the 10-year term. Otherwise, the judgment is affirmed. All costs in the district court, as well as the costs of this appeal, are assessed one-half to plaintiff and one-half to defendant.
Amended and affirmed.