TERRI F. LOVE, Judge.
|; This case arises from a dispute in a succession proceeding regarding the payment of the mortgage debt on a home. The issue on appeal is which of the parties is responsible for payment of the interest on the mortgage note as between the wife of the decedent, who was left the “use and habitation” of the property, and the succession. We affirm the trial court’s judgment in holding that the decedent’s wife is not required to pay the interest on the mortgage debt.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Albert P. Firmin died testate on February 2, 2003, leaving his wife, Valerie Bos-worth Firmin (“Mrs.Firmin”), full ownership of all his “household furniture and belongings, appliances, and miscellaneous *211 personal effects” and “use and habitation” of the house in which they resided at 24 Chatham Drive, New Orleans. The home is encumbered by a mortgage. Additionally, the will provided for the creation of a trust, for the benefit of Mr. Firmin’s two major daughters from a previous marriage, to which he left “the balance of all the property of which I die possessed” subject to “the right of use and habitation of my home” and the other “special legacies set forth in Article I.” He appointed his sister Henrynne Louden (“Executrix”) as his executrix and trustee.
| ¡.Testamentary language directs that Mrs. Firmin have “use and habitation” of the home for as long as she may live, provided that she not vacate the premises for over six months, and that she care for the property as a prudent administratrix, making all reasonable repairs, paying taxes and maintaining both fire insurance and “extended coverage insurance.” She has resided in the home from the date of Mr. Firmin’s death.
On July 9, 2003, Mrs. Firmin filed a Motion to Compel Executrix to Pay Mortgage on the Family Home;[1] the Executrix filed a motion in opposition on October 2, 2003.[2] The Executrix then filed a Petition for Partial Possession and Motion and Incorporated Memorandum to Require Legatee to Accept or Renounce Legacy. In response, Mrs. Firmin claimed that she was neither under a legal nor a testamentary obligation to pay the mortgage notes. The Executrix alleged that Mrs. Firmin must either pay the mortgage in order to maintain her right of habitation of the property or relinquish her use of the property. Mrs. Firmin asserted that the Louisiana Civil Code does not require a holder of the right of habitation to pay fees associated with either usufruct or ownership.
After a hearing, the trial court issued a judgment denying the Motion to Force Valerie Firmin to Pay the Mortgage, Reimburse the Succession for Mortgage Payments Already Made and in the Alternative for Rent. The trial court found there existed no legal authority to require Mrs. Firmin to pay the mortgage or to pay rent.
After the issuance of judgment, the Executrix filed a memorandum asserting that under the doctrine of limited liability to legatees, succession debts are charged |sagainst the encumbered property itself. Thus, she contends that if Mrs. Firmin accepted the legacy, she would be required to pay at least the interest portion of the mortgage notes without any right to reimbursement from the succession or the owners of the home. According to the Executrix, failure to pay the interest on the mortgage notes would require Mrs. Firmin to renounce her right of habitation. The Executrix also sought reimbursement from Mrs. Firmin for the mortgage notes paid by Mr. Firmin’s succession. Mrs. Firmin’s Reply Memorandum alleged that the Executrix did not differentiate between the responsibilities of universal and particular usufructuaries and legatees such as herself, and that the decedent’s debt does not attach to particular legatees. Additionally, she argued that the testamentary language specifically does not require a legatee to pay the mortgage debt.
The trial court issued its Final Judgment denying the motion to force Mrs. Firmin to pay the mortgage, and further denied the Executrix’s motion for a new *212 trial. The Executrix’s timely appeal followed.
The Executrix asserts that Mrs. Firmin, as a person with the right of “use and habitation,” has an affirmative obligation under the Louisiana Civil Code to pay the interest due on the mortgage while she enjoys exclusive use and habitation of the property. The Executrix does not appeal the trial court’s judgment that Mrs. Fir-min is not liable for the principal on the mortgage. If Mrs. Firmin does not pay the interest, the Executrix argues that the person must be required to terminate her use and habitation of the property.

STANDARD OF REVIEW

The standard of review of appellate courts in reviewing a question of law is “simply whether the court’s interpretive decision is legally correct.” Phoenix Assur. Co. of N.Y. v. Shell Oil Co., 611 So.2d 709, 712 (La.App. 4th Cir.1992). Furthermore, if the decision of the district court is based on an “erroneous interpretation or application of law rather than on a valid exercise of discretion,” the decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-72 (La.1983).

RIGHTS OF HABITATION AND USE

Mr. Firmin’s will explicitly directs that the legatee be granted “the right of use and habitation” of the home in which they had resided, subject to the conditions that she not vacate the premises in excess of six months, and that she care for the property as a prudent administratrix. Mr. Fir-min included in the will that Mrs. Firmin “shall be responsible to make all reasonable repairs, pay all taxes, and keep the improvements located on the property covered with adequate fire and extended coverage insurance.” The right of habitation is a “nontransferable real right of a natural person to dwell in the house of another.” La. C.C. art. 630. This right is “regulated by the title that establishes it.” La. C.C. art. 632. Thus, Mrs. Firmin’s right of habitation is governed by the above mentioned testamentary language which explicitly delineates her rights and responsibilities.
The Louisiana Supreme Court “has indicated that the function of the courts is to carry out the intention of the testator and effect should be given to all language contained in the will if possible.” Succession of Bel, 377 So.2d 1380, 1383 (La.App. 4th Cir.1979). Mr. Firmin’s will specified the legatee’s financial responsibilities concomitant to “use and habitation.” These are substantially similar to those obligations provided for in the Louisiana Civil Code, including | ¿responsibilities for reasonable repairs and taxes on the property. La. C.C. art. 636.[3]
Furthermore, the will details the formation of a trust, comprising the balance of the estate, in favor of Mr. Firmin’s major daughters. The care in drafting and attention to detail further supports Mrs. Fir-min’s assertion that Mr. Firmin intended only to bequeath to her the limited rights of use and habitation. See Succession of Cottrell v. Quirk, 05-841, pp. 2-3 (La.App. 3 Cir. 2/1/06), 921 So.2d 1235, 1238.
*213 The rights of both use and habitation are limited rights, providing for less than full enjoyment of immovable property. The right of use grants a personal servitude over the specified use of an estate. La. C.C. art. 639.[4]
In Aucoin v. Fontenot, 304 So.2d 754, 757 (La.App. 3 Cir.1974), the court differentiated between a right of use and that of a usufruct, reiterating then La. C.C. art. 638, which stated, “the person who has the right of use can neither transfer, let, nor give his right to another.” This distinction is further emphasized in the 1976 Revision Comments to the Louisiana Civil Code. La. C.C. art. 632 Revision Comments — 1976 paragraph (b), provides that the “right to receive the fruits of a house and to sell and dispose of them freely, would be a right of usufruct....” The legatee does not possess these rights in conjunction with habitation; these rights are held by the trust. Furthermore, the Revision Comments— 1976 state that “[i]f a juridical act confers advantages that exhaust the utility of the property, it establishes a usufruct rather than a right of use.” La. C.C. art. 639 Revision Comments — 1976 (b).
|fiThe Executrix argues that taken together these testamentary rights of habitation and use give rise to an affirmative obligation that the legatee pay the interest portion on the home mortgage. She further argues that the Louisiana Civil Code articles that analogize the rights and obligations of habitation to that of a usufruct. La. C.C. arts. 631,[5] 635,[6] 636.
The Executrix relies on paragraph (b)[7] of the Revision Comments — 1976 to La. C.C. art. 630 for the proposition that where the Louisiana Civil Code articles on habitation are silent, then the right of habitation is governed by the code articles on usufruct. La. C.C. art. 630 defines the term “habitation” as the “nontransferable real right to dwell in the house of another.” Paragraph (b) of the Revision Comments — 1976 to La. C.C. art. 630 states that habitation is a charge on property in favor of a person and therefore, the personal servitude of habitation is “akin to usufruct,” which is also a charge on property in favor of a person. The language does not connote, as the Executrix asserts, that where the Louisiana Civil Code articles on habitation are silent, the articles on usufruct apply.
The Executrix relies on La. C.C. art. 632 to support her position because it states that “[t]he right of habitation is regulated by the title that establishes it.” Additionally, “[i]f the title is silent as to the extent of habitation, the right is regulated in accordance with Articles 633 through 635.”[8] *214 The Revision Comment^ — 1976? to La. C.C. art. 632 state in paragraph (b) that if an agreement exceeds the limits on the rules governing the right of habitation, then another right is created. Paragraph (b) further states that, if, for example, a person is given the right to receive the fruits and dispose of the fruits of a house in addition to the right of habitation, then a usufruct is created, and all of the laws concerning usufruct would be applicable to the right to receive and dispose of the fruits.
The Executrix interprets paragraph (b) as applying the laws of usufruct relating to paying the mortgage on the family home because the will did not dictate who should pay the mortgage. This is without merit. La. C.C. art. 632 states that only when the title establishing the extent of the right of habitation is silent, the right is regulated in accordance with La. C.C. articles 633 through 635, which are contained in the chapter of the Louisiana Civil Code on the right of habitation, not in the chapter on usufruct. If Mr. Firmin’s will had granted Mrs. Firmin rights that exceeded those of habitation such that a usufruct was established in favor of Mrs. Firmin, the provision in paragraph (b) relating to the laws of usufruct would become operative. Mr. Firmin’s will did not establish a right beyond that of habitation. Therefore, the provision in paragraph (b) relating to the law of usufruct is inapplicable in this case.
La. C.C. art. 636 states the obligations of a person with the right of habitation. If the person occupies an entire house, that person is liable for “ordinary repairs, for the payment of taxes, and for other annual charges in the same manner as the usufmctuary.” (Emphasis added). Therefore, the articles on usufruct provide instruction on the manner in which a usu-fructuary is required to make ordinary repairs, to pay taxes, and to pay annual charges.
|sThe manner in which a usufructuary is liable for ordinary repairs is set forth in La. C.C. arts. 577-583. The manner in which a usufructuary is liable for the payment of taxes and the payment of annual charges is set forth in La. C.C. art. 584, which provides that the usufructuary is required to pay the annual charges, such as property taxes, that are imposed while the usufructuary enjoys the use of the property. Paragraph (d) of the Revision Comments — 1976 to article 584 makes it clear that the annual charges to which La. C.C. art. 584 refers are “annual public charges.” There is nothing in La. C.C. arts. 577-583 or in La. C.C. art. 584 that refers to mortgage payments. Thus, these articles are not applicable in this case. Mrs. Firmin’s obligations relating to the repair of the family home and the payment of taxes and annual charges on the home are governed by the provisions of Mr. Firmin’s will and the provisions of La. C.C. art. 636.

OBLIGATIONS OF A USUFRUCTUARY

If the Louisiana Civil Code articles relating to use and habitation could be analogized to those rights and obligations created by usufruct, the legatee would not be responsible for the interest on the mortgage debt. The Executrix relies on the language of Louisiana Civil Code articles *215 relating to habitation to assert that it imparts usufructuary obligations on the legatee. See generally La. C.C. arts. 630-636. However, the provisions on usufruct mor-tis causa do not support this argument.
La. C.C. art. 587 states “the position of a usufructuary relative to the payment of the debts of the succession depends on whether the usufruct is universal, under universal title, or under particular title. The usufruct ... of individually determined things is under particular title.” The legacy of a right of use and habitation is of an individually determined thing. Moreover, a legatee of a 1 Susufruct is not liable for the debts of the succession, although she “may discharge the indebtedness.” La. C.C. art. 588 Revision Comments — 1976 (c). The Revision Comments — 1976 further explain “[t]hese debts must be paid by the universal successor of the grantor, be he the naked owner or a third person.” La. C.C. art. 588 cmt. (b).
The case at bar is distinguishable from Succession of Crain, 468 So.2d 778 (La.App. 1 Cir.1985), relied on by the Executrix. In Crain, the will confirmed a legal usufruct, and thereby expressly assigned all of the rights and obligations detailed in the Louisiana Civil Code to the legatee. Id. However, in this instance, even if Mrs. Firmin were considered to be in the position of a usufructuary, she is a particular legatee. Under both the reasoning of the Louisiana Civil Code and Louisiana case law, the universal successor and the naked owner are liable for the debts of the estate. See Succession of Dougart, 30 La. Ann. 268 (La.1878).
In taking the position that Mrs. Firmin is required to pay the mortgage interest on the family home, the Executrix also cites La. C.C. art. 586 in support of her contention. La. C.C. art. 586, which is contained in the chapter of the Louisiana Civil Code on usufruct, not the chapter of the code on right of habitation, clearly states that “[w]hen the property subject to the usufruct is burdened with a mortgage ... the usufructuary may discharge the indebtedness and may claim reimbursement only for the capital he has expended.” (Emphasis added). Even if La. C.C. art. 586 were applicable to Mrs. Firmin’s right of habitation, that article would not obligate her to pay the mortgage interest that accrues during her occupancy of the family home. Paragraph (c) of the Revision Comments — 1976 to La. C.C. art. 586 states that “the usufructuary has the right to discharge the indebtedness” if the property subject to a usufruct is burdened with a |inmortgage. (Emphasis added). The right to discharge the mortgage does not create an obligation.
The Executrix also relies on La. C.C. art. 592 to support her argument that Mrs. Firmin is obligated to pay the interest portion of the mortgage payment while she occupies the family home. La. C.C. art. 592, which is in the chapter of the Louisiana Civil Code on usufruct, not the chapter on habitation, provides that a usufructuary is entitled to be reimbursed without interest at the termination of the usufruct for succession debts paid by the usufructuary. La. C.C. art. 592 further provides that if the usufructuary does not advance the funds to pay a debt, then the naked owner may advance the funds, “for which the usufructuary shall pay interest during the period of the usufruct.” The naked owner also has the right under La. C.C. art. 592 to sell a part of the property subject to the usufruct to pay the succession debts, if the usufructuary does not pay the debts.
Paragraph (c) of the Revision Comments — 1976 to La. C.C. art. 592 states that a usufructuary is not permitted to return the property subject to a usufruct to the naked owner burdened with interest *216 accrued during the term of the usufruct. Thus, if Mrs. Firmin had been granted a usufruct over the family home, she could not simply allow the mortgage to remain unpaid such that the property would be burdened at the termination of the usu-fruct with mortgage interest that had accrued during the term of the usufruct. Paragraph (c) is not applicable in the case sub judice. The right of usufruct is a broader right than that of habitation, and the obligations of a usufructuary may be more burdensome than those of a person with a right of habitation. The Louisiana Civil Code articles on habitation do not require Mrs. Firmin to pay interest on the mortgage on the family home and those Inarticles do not connote the incorporation of the provisions of La. C.C. art. 592 into the Civil Code provisions on habitation.

DEBTS OF THE SUCCESSION

The Executrix relies on Section 3 of Chapter 13 of the Civil Code, Responsibilities of Successors Among Themselves, La. C.C. art. 1420 et seq., in support of her argument that the legatee must pay the mortgage debts. She argues that under the theory of limited liability of successors, estate debts are charged against the property itself and its fruits and products, and not to the successors personally. See La. C.C. art. 1428 Revision Comment-1997.[9] However, the legatee does not possess civil fruits of the succession, which are defined, in La. C.C. art. 551 Revision Comments— 1976(c), as “revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interests, and certain corporate distributions.”
The mortgage on a family home is a debt of the succession, and the payment of succession debts are governed by the Louisiana laws governing successions and the administration of successions. La. C.C. art. 1422, for example, provides that “when a decedent has encumbered property to secure a debt, the debt is presumptively charged to that property and its fruits and products.” As noted, Mrs. | ^Firmin has only the limited rights of use and habitation; the fruits of the property belong to the trust.
Accordingly, Mrs. Firmin’s “use and habitation” of the home does not require *217 her to pay interest on the mortgage note. Mrs. Firmin’s rights are more limited than those of a usufructuary. Accordingly, we affirm the trial court’s ruling that there is no legal authority to force Mrs. Firmin to pay interest on the mortgage note.

DECREE

For the reasons assigned above, we affirm the decision of the trial court.
AFFIRMED.

. The succession has paid both the principle and the interest on the mortgage note for the duration of this action.

. Approximately two years of litigation followed regarding accountings of the estate, discovery, and divisions of community property, none of which are at issue in this appeal.

. La. C.C. art. 636: Taxes, repairs, and other charges
When the person having the right of habitation occupies the entire house, he is liable for ordinary repairs, for the payment of taxes, and for other annual charges in the same manner as the usufructuary.
When the person having the right of habitation occupies only a part of the house, he is liable for ordinary repairs to the part he occupies and for all other expenses and charges in proportion to his enjoyment.

. La. C.C. art. 639: Right of use
The personal servitude of right of use confers in favor of a person a specified use of an estate less than full enjoyment.

. La. C.C. art. 631: Establishment and extinction
The right of habitation is established and extinguished in the same manner as the right of usufruct.

. La. C.C. art. 635: Degree of care; duty to restore the property
A person having the right of habitation is bound to use the property as a prudent administrator and at the expiration of his right to deliver it to the owner in the condition in which he received it, ordinary wear and tear excepted.

. La. C.C. art. 630 Revision Comments — 1976 (b):
(b) Habitation is a personal servitude, namely, a charge on property in favor of a person, akin to usufruct. As a personal servitude, habitation is a dismemberment of ownership and a real right. Habitation is also similar to predial servitudes in that it is a charge on an immovable which does not exhaust the utility of the property.

. La. C.C. art. 633 provides that a person with a right of habitation may reside in the *214 house with his family. La. C.C. art. 634 provides that a person with the right of habitation is entitled to exclusive use of the house or the applicable part of the house, and the person may have friends, guests, and boarders. La. C.C. art. 635 provides that the person with a right of habitation must act as a prudent administrator of the property and deliver the property to the owner in the condition in which it was received, except for ordinary wear and tear, upon the expiration of the right of habitation.

. La. C.C. art. 1428 Revision Comments— 1997:
This article precludes any claim that the new articles on payment of debts supersede the provisions of the Civil Code with regard to the rights and obligations of a usufructuary. Indeed, the primary function of this article is to clarify that the provisions of this section dealing with the payment of debts do not displace or over-ride the allocation of responsibility for the payment of those debts as between the usufructuary and the naked owner. Under the new scheme of limited liability of successors, estate debts are charged to property, and its fruits and products, and not to successors personally. Successors are personally liable to creditors, only to the extent that they take possession of property of the estate, or its fruits and products. The new scheme of limited liability of successors for estate debts, allocates responsibility for payment of a debt to property itself, and there is no intention to alter, modify, or tacitly repeal, any of the provisions in the law of usufruct with regard to the responsibility of the usu-fructuary for payment of debts. When an estate debt is allocated to Blackacre, then, as between the usufructuary, who has the usu-fruct of Blackacre, and the naked owner, who owns the naked ownership of Blackacre, the responsibility is determined by the provisions of the Civil Code that deal with the law of usufruct. The responsibility of the underlying property against which the debt is charged is governed by the section of the Code dealing with payment of the debts, but as between the usufructuary and the naked owner with regard to the payment of those debts, the allocation and placement of responsibility is determined by the section of the Civil Code on the law of usufruct. These new articles do not relieve a usufructuary of the responsibility properly placed upon usufructuaries under the provisions of the Civil Code elsewhere.